UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROBERT BELL,

    Plaintiff,

v.                                         Case No.:  3:23-cv-914-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

# OPINION AND ORDER

Plaintiff Robert Bell seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and disability insurance benefits and for supplemental security income benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. Plaintiff also filed a reply brief. As explained below, the decision of the Commissioner is **AFFIRMED** under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I. Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

### A. Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v.*


*Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment,

then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform his past relevant work, the ALJ must determine at step five whether the claimant's RFC permits him to perform other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove he is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

C.  **Procedural History**

On December 3, 2020, Plaintiff applied for a period of disability and disability insurance benefits and for supplemental security income, alleging disability beginning on November 6, 2019. (Tr. 96, 106, 207-16, 220-21). The applications were denied initially and on reconsideration. (Tr. 96, 106, 115, 116). Plaintiff requested a hearing and on January 24, 2023, a hearing was held before Administrative Law Judge Scott Morris ("ALJ"). (Tr. 53-86). On April 6, 2023, the ALJ entered a decision finding Plaintiff not under a disability from November 6, 2019, through the date of the decision. (Tr. 32-46).

Plaintiff requested review of the decision, but the Appeals Council denied Plaintiff's request on June 2, 2023. (Tr. 6-11). Plaintiff began this action by Complaint (Doc. 1) filed on August 3, 2023, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 16).

D.  **Summary of ALJ's Decision**

In this matter, the ALJ found Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2024. (Tr. 34). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 6, 2019, the alleged onset date. (Tr. 34). At step two, the ALJ found that Plaintiff had the following severe impairments:

"Degenerative Disc Disease; Degenerative Joint Disease; Tendinosis of the Bilateral Shoulders; Diabetes Mellitus; Cancer of the Kidneys, in remission; Obesity; Depression; and Post-Traumatic Stress Disorder (PTSD)." (Tr. 34-35). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (Tr. 35).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b), except that he can occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch, and crawl; occasionally reach overhead with the right-upper extremity; occasionally work around extreme cold, unprotected heights, and moving mechanical parts; understand, remember, and carry out simple instructions; maintain concentration for two-hour increments; adapt to occasional changes in a routine work setting; and have occasional interactions with supervisors and coworkers.

(Tr. 36).

At step four, the ALJ determined that Plaintiff is unable to perform his past relevant work as a painter and spray painter. (Tr. 44). At step five, the ALJ found that considering Plaintiff's age (48 years old on the alleged disability onset date), education (marginal), work experience, and RFC, there were jobs that existed in

significant numbers in the national economy that Plaintiff could perform. (Tr. 44). Specifically, the vocational expert testified that a person with Plaintiff's limitations could perform such occupations as:

    (1)   Cashier, DOT 211.462-010,[1] light, SPV2

    (2)   Routing clerk, DOT 222.687-022, light, SVP 2

    (3)   Airline caterer, DOT 912.687-010, light, SVP 2

    (4)   Escort vehicle driver, DOT 919.663-022, sedentary, SVP 2

    (5)   Document preparer, DOT 249.587-018, sedentary, SVP 2

    (6)   Parimutuel ticket checker, DOT 219.587-010, sedentary, SVP 2

    (7)   Addresser, DOT 209.587-010, sedentary, SVP 2

(Tr. 45). The ALJ concluded that Plaintiff had not been under a disability from November 6, 2019, through the date of the decision. (Tr. 46).

## II.    Analysis

On appeal, Plaintiff raises two issues:

    (1)   Whether the ALJ erred in failing to include additional limitations in the RFC assessment;[2] and

    (2)   Whether the ALJ erred in posing a hypothetical to the vocational expert that did not include all of Plaintiff's functional limitations.

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

[2] Plaintiff couches his argument in terms of the persuasiveness of Dr. Plasay's medical opinion, but does not take issue with the ALJ's finding that Dr. Plasay's opinion was generally persuasive. (Doc. 19, p. 12-18). Instead, Plaintiff argues that the ALJ did not include certain limitations in the RFC assessment from Dr. Plasay's opinion. The Court addresses this argument.

(Doc. 19, p. 12, 19).

### A.    RFC Assessment

Plaintiff argues that the RFC assessment does not account for all of his mental limitations. (Doc. 19, p. 13). Specifically, Plaintiff argues that the RFC assessment includes no limitations for interactions with the public, for no tandem tasks or collaborative projects, and for adapting to routine modifications in vocational duties that are well-explained or implemented minimally. (Doc. 19, p. 13-14). This argument is unpersuasive.

An individual's RFC is his ability to do physical and mental work activities on a sustained basis despite limitations secondary to his established impairments. *Delker v. Comm'r of Soc. Sec.*, 658 F. Supp. 2d 1340, 1364 (M.D. Fla. 2009). In determining a claimant's RFC, the ALJ must consider all relevant evidence including non-severe impairments. *Barrio v. Comm'r of Soc. Sec.*, 394 F. App'x 635, 637 (11th Cir. 2010). Furthermore, the ALJ must "'scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts.'" *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (quoting *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir.1981)). In other words, ALJs "are by law investigators of the facts and are tasked not only with the obligation to consider the reasons offered by both sides, but also with actively developing the record in the case." *Id*.

Plaintiff begins by arguing that the RFC assessment includes occasional interactions with supervisors and co-worker but includes no limitations for interaction with the public. (Doc. 19, p. 13). Plaintiff argues that in Dr. Plasay's opinion, he limited Plaintiff to "work environments where employment-related social interactions are infrequent, brief, and largely task-specific (vs. collaborative)." (Doc. 19, p. 13-14; Tr. 94). Plaintiff argues that while the ALJ limited Plaintiff to occasional interactions with supervisors and coworkers, he failed to explain why the same medical evidence that supports this limitation would not apply to public interactions. (Doc. 19, p. 14).

Plaintiff correctly identifies Dr. Plasay's limitation to social interactions that are infrequent, brief, and largely task-specific. (Tr. 94). But appears to ignore that earlier in this opinion, Dr. Plasay found Plaintiff was *not* significantly limited in the ability to interact appropriately with the general public, but was moderately limited in the ability to accept instructions and respond appropriately to criticism from supervisors and in the ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes. (Tr. 94). Dr. Plasay clearly found Plaintiff had differing abilities in interacting with the public versus interacting with co-workers and supervisors, which is arguably related to the ability to accept instruction and criticism. (*See* Tr. 94). The ALJ followed Dr. Plasay's opinion in limiting Plaintiff to having occasional interactions with supervisors and coworkers and not

including any limitations regarding interactions with the public. (Tr. 36, 94). The Court finds no error.

Next, Plaintiff argues that Dr. Plasay limited Plaintiff to attending to/executing solitary vocational tasks comprised of simple, recurrent steps, but the RFC fails to reflect these limitations. (Doc. 19, p. 15-16). While the RFC did not contain this exact language, the ALJ included limitations in the RFC that accomplish the same results. In the RFC, the ALJ limited Plaintiff to understanding, remembering, and carrying out simple instructions, adapting to occasional changes in a routine setting, and having occasional interactions with supervisors and coworkers. (Tr. 36). By limiting the RFC assessment to simple instructions and only occasional interactions with supervisors and coworkers, Plaintiff would be working on a simple, solitary task for most of the workday. Plaintiff also mentions that the ALJ did not adequately account for moderate limitations in adapting and managing, but then Plaintiff recognizes that the RFC limited him to occasional changes in a routine work setting, which would accommodate this limitation. (Doc. 19, p. 14, Tr. 36). Again, the Court finds no error.

Finally, Plaintiff contends that the ALJ failed to discuss Plaintiff's argument that he had anger issues and "anything can make [him] snap," as well as failed to discuss the medical reports from Rebeca Creel, M.D. that include Plaintiff's report of a long history of anxiety/panic symptoms related to being in the public or around

others. (Doc. 19, p. 17). While the ALJ did not mention Dr. Creel by name, the ALJ considered some of her treatment records, including those when Plaintiff reported he had difficulty in crowds. (Tr. 39). Both statements are Plaintiff's subjective complaints and the ALJ found that Plaintiff's subjective statement about the intensity, persistence, and limiting effects of his symptoms were inconsistent with the evidence of record. (Tr. 37-38). Plaintiff does not challenge this finding and thus waives this argument. *See Simpson v. Comm'r of Soc. Sec.*, 423 F. App'x 882, 885 (11th Cir. 2011) (finding in a social security case, issues not raised before the district court are waived). In essence, Plaintiff invites the Court to reweigh the evidence, which it cannot do. A court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014). Even if the evidence preponderates against the Commissioner's decision, the Court must affirm if substantial evidence supports the Commissioner's decision. *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1320 (11th Cir. 2021). Here, the ALJ properly considered Dr. Plasay's opinion as well as the record as a whole, and included limitations found in Dr. Plasay's opinion in the RFC assessment, though using different language to achieve the same results. Substantial evidence supports the ALJ's RFC determination.

### B. Hypotheticals to Vocational Expert

Plaintiff argues that the hypotheticals posed to the vocational expert fail to incorporate the additional limitations argued above, such as work that involves solitary vocational tasks comprised of simple, recurrent steps and limitations to interactions with the public. This argument fails.

At step five of the sequential evaluation, if the ALJ finds a claimant unable to perform his past relevant work, the ALJ must determine whether jobs exist in significant numbers in the national economy that an individual with the plaintiff's limitations can perform. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011). To make this determination, an ALJ may obtain the testimony of a vocational expert. *Id*. For the vocational expert's opinion to constitute substantial evidence, "the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Id.* (citing *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002)). "If the ALJ presents the vocational expert with incomplete hypothetical questions, the vocational expert's testimony will not constitute substantial evidence." *Jacobs v. Comm'r of Soc. Sec.*, 520 F. App'x 948, 950 (11th Cir. 2013). But an ALJ need not include findings in the hypothetical that the ALJ found to be unsupported by the record. *Lee v. Comm'r of Soc. Sec.*, 448 F. App'x 952, 953 (11th Cir. 2011) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004)).

Here, the ALJ posed hypotheticals to the vocational expert that included all of the limitations supported by the record. (Tr. 77-82). These hypotheticals included being able to understand, remember, and carry out simple instructions, and have occasional interactions with supervisors and coworkers. (Tr. 77-78). As determined above, the additional limitations of limited working with the public is not supported by the record, and the limitations of solitary vocational tasks as well as adapting and managing are included in the RFC assessment by the language of occasional interaction with supervisors and coworkers, understanding, remembering, and carrying out simple instructions, and occasional changes in a routine work setting. (Tr. 36). Substantial evidence supports the ALJ's hypotheticals to the vocational expert and his relying on the vocational expert's testimony to determine that there were jobs in the national economy in significant numbers that Plaintiff could perform.

## III. Conclusion

For the reasons discussed above, the Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the correct legal standard. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on July 15, 2024.

*/s/ Douglas N. Frazier*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties